UNITED STATES COURT OF APPEALS
FOR THE FEDERAL CIRCUIT

_____

**CAROLYN W. HAFEMAN,**

*APPELLANT*

v.

**GOOGLE LLC, MICROSOFT CORPORATION,**

*APPELLEES*

**DERRICK BRENT, ACTING UNDER SECRETARY OF COMMERCE
FOR INTELLECTUAL PROPERTY AND DIRECTOR OF THE
UNITED STATES PATENT AND TRADEMARK OFFICE**

*INTERVENOR*

_____

Consolidated Appeals from the United States Patent and Trademark Office, Patent Trial and Appeal Board in Nos. IPR2022-01188, IPR2022-01189, IPR2022-01190, IPR2022-01191, IPR2022-01192, IPR2022-01193.

_____

**BRIEF FOR INTERVENOR—ACTING DIRECTOR OF THE
UNITED STATES PATENT AND TRADEMARK OFFICE**

FARHEENA Y. RASHEED
*Solicitor*

PETER J. AYERS
*Senior Counsel for Patent Law and
  Litigation*

SHEHLA WYNNE
MICHAEL S. FORMAN
*Associate Solicitors*

Office of the Solicitor
U.S. Patent and Trademark Office
Mail Stop 8, P.O. Box 1450
Alexandria, Virginia 22313-1450
(571) 272-9035

*Attorneys for the Acting Director of the U.S. Patent and Trademark Office*

December 16, 2024

# TABLE OF CONTENTS

I.    INTRODUCTION.................................................................1

II.   STATEMENT OF THE ISSUES....................................3

III.  STATEMENT OF THE CASE .......................................3

    A.   Relevant Statutory Background & Current USPTO
        Practice........................................................................3

    B.   Procedural History .................................................6

        1.   Hafeman Files Infringement Suit Against LG..............7

        2.   Google and Microsoft File the Instant IPRs,
              Naming LG as a Real-Party-in-Interest........................8

        3.   The Board Institutes Inter Partes Review
              Following LG's Submission of a *Sotera*
              Stipulation...................................................................9

        4.   LG Files Its Summary Judgment Motion, and
              Hafeman Seeks Relief from the Board ........................10

IV.   SUMMARY OF THE ARGUMENT .............................11

V.    ARGUMENT ................................................................13

    A.   Standard of Review .................................................13

    B.   This Court Lacks Jurisdiction to Review the Board's
        Decisions to Institute These IPRs, and Those
        Decisions Are Not Otherwise Reviewable Under the
        APA..........................................................................13

        1.   Section 314(d) Bars Review of the Board's
              Institution Decisions...................................................13

        2.   The Board Was Not Required to Provide a
              Second Explanation of Its Prior Decision

Regarding the Alleged *Sotera* Violation in Its
Final Written Decisions ..................................................18

VI.  CONCLUSION ..........................................................................21

# TABLE OF AUTHORITIES


**Page(s)**

**Cases**

*Apple Inc. v. Fintiv, Inc.*,
   No. IPR2020-00019, 2020 WL 2126495
   (P.T.A.B. Mar. 20, 2020) ........................................................ 5, 6, 8

*Apple Inc. v. Vidal*,
   63 F.4th 1 (Fed. Cir. 2023)........................................... 5, 14, 15

*Apple Inc. v. Vidal*,
   No. 2024-1864 (Fed. Cir.)................................................ 6

*Cuozzo Speed Techs. v. Lee*,
   579 U.S. 261 (2016)............................................................ *passim*

*ESIP Series 2, LLC v. Puzhen Life USA, LLC*,
   958 F.3d 1378 (Fed. Cir. 2020) ........................................... 14

*Hafeman v. LG Electronics, Inc.*, No. 6:21-cv-00696-ADA
   (W.D. Tex.)...................................................................... 1, 7

*I.M.L. SLU v. WAG Acquisition, LLC*,
   No. IPR2016-01658, 2018 WL 1128521 (P.T.A.B. Feb. 27, 2018)...... 17

*Medtronic, Inc. v. Robert Bosch Healthcare Sys., Inc.*,
   839 F.3d 1382 (Fed. Cir. 2016) ........................................... 14

*Provisur Techs., Inc. v. Weber, Inc.*,
   50 F.4th 117 (Fed. Cir. 2022)............................................ 20

*Sec. & Exch. Comm'n v. Chenery Corp.*,
   318 U.S. 80 (1943).......................................................... 20

*Sotera Wireless, Inc. v. Masimo Corp.*, No. IPR2020-01019
   (Dec. 1, 2020)................................................................ *passim*

*Thrift, In re,*
298 F.3d 1357 (Fed. Cir. 2002) ...................................................... 20

*Thryv, Inc v. Click-To-Call Techs., LP,*
590 U.S. 45 (2020) ........................................................ 3-4, 13, 14, 18

*United States v. Arthrex, Inc.,*
594 U.S. 1 (2021) ............................................................................. 4

*VirnetX Inc. v. Apple Inc.,*
931 F.3d 1363 (Fed. Cir. 2019) ..................................................... 13

**Statutes**

5 U.S.C. § 701(a) ............................................................................. 19

5 U.S.C. § 702 ................................................................................. 18

5 U.S.C. § 703 ................................................................................. 18

5 U.S.C. § 706(2) ............................................................................. 13

35 U.S.C. § 3(a)(2)(A) ....................................................................... 4

35 U.S.C. § 102 ............................................................................... 10

35 U.S.C. § 103 ............................................................................... 20

35 U.S.C. § 112 ............................................................................... 16

35 U.S.C. § 141(c) .............................................................. 2, 12, 19

35 U.S.C. § 312(a)(2) ...................................................................... 14

35 U.S.C. § 314(d) ................................................................... *passim*

35 U.S.C. § 315(b) ........................................................................... 17

35 U.S.C. § 318(a) ............................................................... 2, 12, 19

35 U.S.C. § 319 ........................................................... 2, 12, 19, 20

**Regulations**

37 C.F.R. § 42.4(a) ................................................................ 4

**Other Authorities**

77 Fed. Reg. 48,612 (Aug. 14, 2012)......................................... 4

Memorandum from USPTO Director to PTAB,
  *Interim Procedure for Discretionary Denials in AIA Post-Grant*
  *Proceedings with Parallel District Court Litigation*
  (June 21, 2022)...............................................................5-6

Patent Trial and Appeal Board, Standard Operating Procedure 2
  (Revision 11) (July 24, 2023)...............................................4

## STATEMENT OF RELATED CASES

The Director is not aware of any other appeal from the Patent Trial and Appeal Board ("Board") of the United States Patent and Trademark Office ("USPTO" or "Agency") with regard to these proceedings. The following case involving the patents-in-suit remains pending: *Carolyn Hafeman v. LG Electronics Inc.*, No. 6:21-cv-00696-ADA (W.D. Tex.).

## I. INTRODUCTION

This appeal arises from six inter partes review ("IPR") proceedings instituted by the Patent Trial and Appeal Board ("Board") at the request of Google LLC and Microsoft Corporation, with LG Electronics named as a real party-in-interest. The IPRs involve three patents owned by Carolyn W. Hafeman ("Hafeman"), which are also asserted in *Hafeman v. LG Electronics, Inc.*, No. 6:21-cv-00696-ADA (W.D. Tex.). LG Electronics is the sole defendant in that litigation. The Board instituted review after LG submitted a stipulation—commonly referred to as a *Sotera*[1] stipulation—committing not to pursue in district court any invalidity grounds that were raised or reasonably could have been raised in the IPRs.

In district court, Hafeman contended that LG violated its *Sotera* stipulation by pursuing summary judgment based on prior art physical systems not raised in the IPRs. The court agreed with Hafeman, finding that the prior art systems had materially identical disclosures to the

---

[1] This stipulation is named after the precedential Board decision in *Sotera Wireless, Inc. v. Masimo Corp.*, No. IPR2020-01019, Paper 12 (Dec. 1, 2020), which established that such agreements mitigate concerns about duplicative litigation and conflicting decisions, thereby favoring institution of IPRs rather than discretionary denial of institution.

prior art publications asserted in the IPRs, and held that LG was estopped from relying on the prior art systems. Hafeman also asked the Board to terminate the IPRs based on LG's summary judgment motion. The Board declined, reasoning that enforcement of the stipulation was within the district court's purview.

On appeal, Hafeman challenges the Board's refusal to deinstitute these IPRs. Under § 314(d) and controlling precedent, however, this Court lacks authority to review Hafeman's challenge to the Board's institution decisions.

Hafeman contends that judicial review is nonetheless available under the APA because the Board erred in not addressing the alleged *Sotera* violation in its final written decisions. At the outset, the APA's default cause of action is unavailable in light of § 314(d) and the AIA's statutory scheme for judicial review of the Board's final written decisions under §§ 141(c), 318(a), and 319. Moreover, the Board reasonably determined, consistent with its earlier finding, that enforcement of the stipulation was a matter for the district court, and declined to revisit the issue in its final written decisions.

## II. STATEMENT OF THE ISSUES

The Director intervenes to address the following related issues:

1. Whether under the "no-appeal" provision of 35 U.S.C. § 314(d), the Board's refusal to revisit its decision to institute inter partes review proceedings based on subsequent events in a co-pending district court litigation is final and nonappealable; and,

2. Whether, despite the final and nonappealable nature of the Board's refusal to deinstitute an inter partes review, judicial review is available under the APA to determine whether the Board was required to repeat its rationale for continuing the proceedings in the final written decisions.

## III. STATEMENT OF THE CASE

### A. Relevant Statutory Background & Current USPTO Practice

Congress vested the USPTO Director with the authority to institute inter partes review, and mandated that the Director's determination whether to institute an inter partes review "shall be final and nonappealable." 35 U.S.C. § 314(d). The Supreme Court has repeatedly affirmed that this provision insulates institution decisions from appellate review. *See Cuozzo Speed Techs. v. Lee*, 579 U.S. 261, 272 (2016); *Thryv, Inc v.*

*Click-To-Call Techs.*, LP, 590 U.S. 45, 52 (2020). Congress's unmistakable intent to prohibit judicial review of the Board's institution determinations extends not only to the Director's analysis of the statutory prerequisites to an IPR proceeding, but also to the Director's exercise of discretion regarding whether to institute IPR proceedings once those prerequisites are satisfied. *United States v. Arthrex, Inc.*, 594 U.S. 1, 8-9 (2021).

The Director has "specifically delegate[d]" institution determinations to the Board. 77 Fed. Reg. 48,612, 48,616 (Aug. 14, 2012). Thus, when the Board institutes inter partes review, it "institutes the trial on behalf of the Director." 37 C.F.R. § 42.4(a). The Director remains "responsible for providing policy direction and management supervision for the Office," 35 U.S.C. § 3(a)(2)(A), and does so in various ways, including by issuing memoranda on the handling of recurring issues before the Board and by designating particular Board opinions as precedential. Such precedential opinions are binding authority for the Board "in subsequent matters involving similar facts or issues." Patent Trial and Appeal Board, Standard Operating Procedure 2 (Revision 11), at 7 (July 24, 2023).

In 2020, the Director designated as precedential a Board decision that identifies criteria to consider when exercising the Director's discretion to institute review in view of a parallel district court proceeding involving the same patent. *See Apple Inc. v. Fintiv, Inc.*, No. IPR2020-00019, 2020 WL 2126495 (P.T.A.B. Mar. 20, 2020) (precedential) ("*Fintiv*"). In *Fintiv*, the Board identified six non-exclusive factors, "relat[ing] to whether efficiency, fairness, and the merits support the exercise of authority to deny institution in view of an earlier trial date in the parallel proceeding." *Id.* at *2-3. These factors include "overlap between issues raised in the petition and in the parallel proceeding[.]" *Id.* Deemed precedential, the *Fintiv* decision "constitute[s] instructions from the Director regarding how the Board is to exercise the Director's institution discretion." *Apple Inc. v. Vidal*, 63 F.4th 1, 8 (Fed. Cir. 2023).

The Director subsequently provided additional guidance and clarification regarding the *Fintiv* instructions. *See* Memorandum from USPTO Director to PTAB, *Interim Procedure for Discretionary Denials in AIA Post-Grant Proceedings with Parallel District Court Litigation* ("June

2022 Memorandum").[2]  In the June 2022 Memorandum, the Director stated, *inter alia*, that the Board will not discretionarily deny institution of an IPR under *Fintiv* "where a petitioner stipulates not to pursue in a parallel district court proceeding the same grounds as in the petition or any grounds that could have reasonably been raised in the petition." *Id.* at 9.  Parties can enter into such a stipulation—commonly referred to as a *Sotera* stipulation—in the district court proceeding and then submit it to the Board to aid in its institution determination.[3]

## B.    Procedural History

This appeal concerns six inter partes review proceedings brought by Appellees Google LLC and Microsoft Corporation against three patents owned by Appellant Hafeman: U.S. Patent Nos. 9,892,287; 10,325,122; and 10,789,393 (collectively, the "Challenged Patents").  Rel-

---

[2] Available at https://www.uspto.gov/sites/default/files/documents/interim_proc_discretionary_denials_aia_parallel_district_court_litigation_memo_20220621_.pdf.

[3] The Director's *Fintiv* instructions are currently the subject of an appeal before this Court, where they are being challenged as having been promulgated without notice-and-comment rulemaking.  *Apple Inc. v. Vidal*, Case No. 2024-1864 (Fed. Cir.).  Hafeman has not raised this challenge in her appeal, so this case will not be impacted by the outcome of that appeal.

evant to the Director's intervention, the Challenged Patents are also asserted by Hafeman in a pending district court litigation in the United States District Court for the Western District of Texas. *See Carolyn Hafeman v. LG Electronics Inc.*, No. 6:21-cv-00696-ADA (W.D. Tex.) ("the district court litigation").

### 1. Hafeman Files Infringement Suit Against LG

In July 2021, Hafeman asserted the Challenged Patents against LG Electronics, Inc. ("LG") in the Western District of Texas. Hafeman alleged that certain LG Android-based cell phones and Windows-based laptops infringed the Challenged Patents. According to Hafeman's complaint, Google's Android operating system and Microsoft's Windows operating system preloaded on the accused LG devices each include a "Find My Device" feature, which is meant to assist in the recovery of a lost device and is allegedly claimed in the Challenged Patents.[4] Appx4383.

---

[4] The jury ultimately disagreed and found that the accused LG devices did not infringe any of the Challenged Patents. Appx7626-7636.

By July 2022, the parties had gone through *Markman* proceedings and served final infringement and invalidity contentions. As of the deadline to add parties to the litigation (June 8, 2022), Hafeman had not named any other defendants in the litigation besides LG. Appx4375.

### 2. Google and Microsoft File the Instant IPRs, Naming LG as a Real-Party-in-Interest

On July 8, 2022, Appellees Google and Microsoft—LG's suppliers of the Find My Device feature loaded on the accused devices—timely filed the IPR petitions that are the subject of this appeal. Appellees named LG as a real-party-in-interest. Appx7979.[5] Acknowledging the existence of the co-pending district court litigation concerning the same patents, Appellees argued that the *Fintiv* factors favored instituting review. Appx7977-7978. In response, Hafeman highlighted the overlap between issues raised in the petition and the district court litigation, and noted that Appellees had offered no *Sotera* stipulation with their petitions. Appx8022-8026.

---

[5] For brevity, the Director cites only to the record in the IPR2022-01188 proceeding.

### 3. The Board Institutes Inter Partes Review Following LG's Submission of a *Sotera* Stipulation

On November 30, 2022, before the Board had reached a determination on institution, LG stipulated in district court that "[i]n accordance with the Board's precedential decision in *Sotera Wireless, Inc. v. Masimo Corp.*, IPR2020-01019, Paper 12 at 18-19 (PTAB Dec. 1, 2020), LG Electronics Inc. agrees that if any of [Google and Microsoft's IPRs] is instituted, LG Electronics Inc. will not pursue in the related district court proceeding 'any ground that [Google or Microsoft] raised or reasonably could have raised' during the instituted IPRs." Appx4375. Google and Microsoft then submitted LG's stipulation to the Board and explained why it favored institution. Appx8065-8068.

In view of this stipulation, the Board instituted review. Appx8097-8100. The Board explained that LG's *Sotera* stipulation mitigated concerns of potentially conflicting decisions and duplicative efforts across the two forums. Appx8099-8100. Accordingly, it concluded that "in light of LG's stipulation regarding the district court litigation, we do *not* exercise discretion to deny institution under 35 U.S.C. § 314(a)." Appx8100 (emphasis in original).

### 4. LG Files Its Summary Judgment Motion, and Hafeman Seeks Relief from the Board

Shortly after institution of the IPRs, LG filed a motion for summary judgment in district court, raising arguments regarding the priority dates of the Challenged Patents and anticipation under 35 U.S.C. § 102. Appx7637-7656. LG alleged anticipation based on prior use of two physical systems (rather than prior art printed publications, as in the IPRs) for its invalidity arguments. *See* Appx7676. Hafeman contended, and the district court agreed, that based on its *Sotera* stipulation, LG was estopped from raising these arguments in the litigation. Appx7676-7677. According to the district court, even though Appellees could not have asserted system-related prior art in the IPRs, estoppel still applied because the prior art systems that formed the basis of its summary judgment motion had "materially identical" disclosures as the prior art asserted in the IPRs. *Id.* The district court also determined that LG was estopped from pursuing its priority arguments in the district court. *Id.* Accordingly, the district court denied LG's motion for summary judgment. *Id.*

Hafeman alerted the Board to LG's summary judgment motion. Appx7830-7834. She sought authorization to file a request for rehearing

of the Board's institution decisions in view of the "change[d] circumstances." Appx7832. The Board denied Hafeman's request, noting that "any dispute regarding the scope or alleged violation of stipulations should be addressed in the district court proceedings in which such stipulations are to have effect." Appx7830.

Hafeman went on to re-raise the *Sotera* issue in her Patent Owner Response. She contended that LG had violated the *Sotera* stipulation, and, as a remedy for this violation, the Board should terminate the IPRs. Appx8172-8176. Appellees disputed this characterization, arguing that neither a *Sotera* stipulation nor IPR estoppel barred LG from asserting invalidity based upon system art. Appx8228-8232. Appellees also maintained that Hafeman had obtained relief from the district court, so there was no basis to terminate the IPRs. *Id.* In its final written decisions, the Board did not address these arguments or otherwise revisit its institution decision.

## IV.  SUMMARY OF THE ARGUMENT

In asking this Court to review the Board's decision not to terminate these IPRs, Hafeman seeks review of the Board's decision not to reconsider its institution decisions. But Section 314(d)'s no-appeal provision

11

is fatal to Hafeman's challenge. Nor does this case involve "shenanigans" of the type the Supreme Court flagged in *Cuozzo* as potentially subject to judicial review despite the no-appeal provision; even assuming purely institution-related matters are encompassed by that language, the Board's actions here were consistent with the Constitution, its statutory responsibilities, its authority to reconsider its institution decisions, and its broad discretion to manage its own docket.

Hafeman incorrectly asserts that judicial review is nonetheless available under the APA because the Board abused its discretion in not addressing her *Sotera*-related arguments in the final written decisions. That argument lacks merit. The APA's default cause of action is unavailable in light of § 314(d), which expressly precludes review of institution decisions, and the AIA's specific statutory scheme for judicial review of the Board's final written decisions under 35 U.S.C. §§ 141(c), 318(a), and 319. Moreover, that argument would fail even if the Board's decisions here were reviewable, because the Board provided its reasoning in a prior ruling in the IPR. Thus, Hafeman's argument fails twice over.

## V. ARGUMENT

### A. Standard of Review

The applicability of § 314(d) is a question of statutory interpretation, which this Court reviews de novo. *See VirnetX Inc. v. Apple Inc.*, 931 F.3d 1363, 1369 (Fed. Cir. 2019). But "matters closely tied to the application and interpretation of statutes related to the institution decision" are non-reviewable. *Thryv*, 590 U.S. at 53 (internal quotation marks and citation omitted).

Under the APA, this Court shall set aside agency action found to be "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law," "contrary to constitutional right, power, privilege, or immunity," "in excess of statutory jurisdiction, authority, or limitations, or short of statutory right," or "without observance of procedure required by law." 5 U.S.C. §§ 706(2)(A)-(D).

### B. This Court Lacks Jurisdiction to Review the Board's Decisions to Institute These IPRs, and Those Decisions Are Not Otherwise Reviewable Under the APA

#### 1. Section 314(d) Bars Review of the Board's Institution Decisions

Although couched in terms of a deficiency of the Board's final written decisions, Hafeman's real contention is that the Board was required

to revisit its prior institution decisions. But a decision not to reconsider institution is just as non-reviewable as the original decision to institute. *See, e.g.*, *Thryv*, 590 U.S. at 60 (institution-related determinations are not reviewable even if addressed in the Board's final written decision); *Apple Inc.*, 63 F.4th at 7 ("[W]hether the determination is negative or positive, the Supreme Court has held that the institution decision is un-reviewable, even in a proper appeal of a final written decision reached by the Board after a positive institution determination[.]"); *ESIP Series 2, LLC v. Puzhen Life USA, LLC*, 958 F.3d 1378, 1386 (Fed. Cir. 2020) (challenge that the Board should have terminated the proceeding because petitioner failed to comply with the real-party-in-interest requirement of § 312(a)(2) was unreviewable under § 314(d)); *Medtronic, Inc. v. Robert Bosch Healthcare Sys., Inc.*, 839 F.3d 1382, 1384 (Fed. Cir. 2016) ("[A] decision whether to institute inter partes review proceedings pursuant to § 314(a) (the issue in *Cuozzo*) and a reconsideration of that decision (the situation here) are both barred from review by § 314(d).").

Here, the Board instituted review in light of the *Sotera* stipulation and subsequently decided not to terminate the proceedings upon an alleged violation of that stipulation. [6] Hafeman's challenge is to the Board's refusal to deinstitute upon a change in the circumstances that led to institution. This challenge is not merely "closely tied" to a statute "related" to the USPTO's "decision to initiate inter partes review"—the challenge has "institution as [its] direct, immediate, express subject." *Apple Inc.*, 63 F.4th at 11-12 (citations omitted). The Board's decision therefore falls squarely within § 314(d)'s ambit.[7]

Nor is this a case that bears any resemblance to any of the "'shenanigans'" or extreme situations flagged by the Supreme Court as potentially judicially reviewable despite the plain text of § 314(d). *See Cuozzo*

---

[6] The parties dispute whether the district court correctly held that LG was estopped from advancing certain arguments in the district court based on its *Sotera* stipulation. Because the district court's analysis of the estoppel effect of LG's *Sotera* stipulation is not before the Court in this appeal, the Director takes no position as to whether LG violated the *Sotera* stipulation. Regardless of the correctness of the district court's analysis, however, this Court lacks jurisdiction to review the Board's decision not to deinstitute the instant proceedings.

[7] Hafeman also asks that the Court should, "[a]t a minimum," "vacate and remand with directions that the PTAB address the appropriate remedy for the proven *Sotera* violation." Br. at 34. As discussed below in Section V.B.2., there was no requirement for the Board to address the issue in its final written decisions.

579 U.S. at 274-75. In *Cuozzo*, the Court offered two examples of such shenanigans—the Board failing to provide a party with sufficient notice such that there is a due process problem with the entire proceeding, or cancelling a claim for indefiniteness under 35 U.S.C. § 112 in an inter partes review proceeding. *Id.* With these examples, the Court made clear that it contemplated extreme circumstances infecting the ultimate patentability determination, such as a blatant violation of a party's constitutional rights or cancelling patent claims on non-statutory grounds. In contrast to these extreme examples, the Board's actions here fall squarely within "the application and interpretation of statutes related to the Patent Office's decision to initiate inter partes review." *Id.* at 275.

Indeed, not only has Hafeman failed to show any extreme circumstances like the ones identified in *Cuozzo*, she has not shown that the Board acted improperly *at all* when refusing to deinstitute the proceedings. Because the *Sotera* stipulation governs LG's conduct before the district court, the Board had no obligation to provide the additional relief Hafeman sought, which would have excluded consideration of key prior art teachings in both fora. And Hafeman did get relief at the district court—the court denied LG's summary judgment motion, and held that

16

LG was estopped from raising those arguments in the litigation.[8] Appx7676-7677.

Hafeman's contrary argument is based on a non-precedential Board decision involving an IPR petitioner's failure to name a real-party-in-interest. *See* Br. at 33 (citing *I.M.L. SLU v. WAG Acquisition, LLC*, No. IPR2016-01658, 2018 WL 1128521 at *6 (P.T.A.B. Feb. 27, 2018)). Because that unnamed party was served with the patent owner's infringement suit more than one year before the filing date of the petition, the petition was barred under 35 U.S.C. § 315(b). *Id.* Thus, the Board terminated the proceeding. *Id.* By contrast, here, there is no statutory or regulatory requirement to terminate a proceeding based on an alleged violation of a *Sotera* stipulation.

In sum, Hafeman's challenge is nothing more than "'an ordinary dispute about the application of' an institution-related statute." *See*

---

[8] To the extent that Hafeman complains about the scope of her relief in the district court, that was largely within her control. *See* Br. at 26 ("increase[d] litigation costs for inventors"); *id.* at 31 (she "expended significant time and resources"). For example, she could have sought monetary sanctions in the district court for the cost of responding to LG's summary judgment motion, but did not do so.

*Thryv, Inc*, 590 U.S. at 54 (citing *Cuozzo*, 579 U.S. at 271). Section 314(d) renders that challenge unreviewable.

### 2. The Board Was Not Required to Provide a Second Explanation of Its Prior Decision Regarding the Alleged *Sotera* Violation in Its Final Written Decisions

Although Hafeman acknowledges that institution decisions are final and nonappealable, she nevertheless argues that the Board violated the APA by failing to articulate its reasoning for refusing to deinstitute the inter partes review proceedings in its final written decisions. Br. at 30. But this is merely an attempt to circumvent 314(d), which "'preclud[es] review of the Patent Office's institution decisions' with sufficient clarity to overcome the "'strong presumption' in favor of judicial review[,]" *Thryv*, 590 U.S. at 53 (quoting *Cuozzo*, 579 U.S. at 273), including review under the APA.

The AIA displaces the APA's default cause of action to challenge agency decisions. While the APA confers that general cause of action upon persons "adversely affected or aggrieved by agency action within the meaning of a relevant statute," 5 U.S.C. § 702, such an action may be brought against an agency only "[i]f no special statutory review proceeding is applicable," *id*. § 703, and only to "the extent that," no "statutes

18

preclude judicial review," *id.* § 701(a)(1).  Both of these limitations apply here.  Sections 141(c), 318(a), and 319 of the AIA provide a special statutory review scheme before this Court, with review limited to the Board's final written decisions with respect to patentability; the scheme thus excludes institution decisions.  And § 314(d) expressly precludes judicial review of institution decisions, declaring such decisions "final and nonappealable."  35 U.S.C. § 314(d).

In any event, even if judicial review of this aspect of the inter partes review proceedings were available, the Board had already explained its reasoning for declining to terminate the IPRs in response to Hafeman's request to file a request for rehearing of the Board's institution decisions, concluding that enforcement of the *Sotera* stipulation was a matter for the district court.  *See* Appx7830.  And Hafeman cites to no statutory authority that entitles her to a repeat explanation, in the final written decisions, of issues that were already addressed earlier in the proceedings—particularly given that those issues concern the propriety of adhering to the decision to institute the proceedings, rather than the Board's "final written decision *with respect to the patentability*," the only decision Congress made reviewable.  35 U.S.C. § 318(a) (emphasis added); *see id.*

19

§319. This issue had already been addressed, and there was no need for the Board to provide a second explanation or repeat its reasoning in the final written decisions.

Hafeman's cited cases (Br. at 30) are inapposite because they all involve challenges where tribunals failed to articulate the reasoning underlying their decisions. For example, *Provisur Techs.* involved a determination that the Board failed to fully explain its reasoning concerning its patentability analysis. *Provisur Techs., Inc. v. Weber, Inc.*, 50 F.4th 117, 123 (Fed. Cir. 2022). Likewise, this Court emphasized in *Thrift* that, when examining claims for patentability under 35 U.S.C. § 103, the Board must document its reasoning on the record, and clearly identify a motivation to combine the asserted references. *In re Thrift*, 298 F.3d 1357, 1364 (Fed. Cir. 2002). And *Sec. & Exch. Comm'n v. Chenery Corp.*, 318 U.S. 80, 94 (1943) involved review of an order of the Securities Exchange Commission approving a plan of reorganization of a corporation, where the Court could not find sufficient grounds in the record to support the Commission's decision. Here, by contrast, Hafeman's *Sotera*-related challenge involves no contention that the Board's patentability determination in its final written decision lacked reasoning. And in any event,

20

as discussed, even as to the *Sotera* issue, the Board provided its reasoning in a previous ruling. Also in contrast to Hafeman's cited cases, the issue Hafeman faults the Board for not addressing in its final written decisions is not reviewable on appeal, as discussed above.

Simply put, the Board has broad authority to manage its docket and was well within its discretion in refusing to reconsider its institution decisions or declining to revisit the *Sotera* issue in its final written decisions.

## VI.  CONCLUSION

For the foregoing reasons, this Court should hold that Hafeman's challenge to the Board's refusal to deinstitute these IPRs is barred by 35 U.S.C. § 314(d), and that the Board's failure to address the alleged *Sotera* violation in its final written decisions did not violate the APA.

December 16, 2024

Respectfully submitted,

/s/ *Shehla Wynne*
FARHEENA Y. RASHEED
Solicitor

PETER J. AYERS
Senior Counsel for Patent Law and
  Litigation

SHEHLA WYNNE
MICHAEL S. FORMAN
Associate Solicitors

Office of the Solicitor
U.S. Patent and Trademark Office
Mail Stop 8, P.O. Box 1450
Alexandria, Virginia 22313-1450
(571) 272-9035

*Attorneys for the Acting Director of
  the U.S. Patent and Trademark Of-
  fice*