# SMITH BALUCH LLP

700 Pennsylvania Ave. SE
Second Floor
Washington, DC 20003

**Andrew S. Baluch, Esq.**
Tel: +1.202.880.2397
baluch@smithbaluch.com

May 9, 2025

Hon. Jarrett B. Perlow
Clerk of the Court
United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

**Via CM / ECF**

Re: *Hafeman v. Google LLC et al.*, No. 24-1600 (Fed. Cir.)

Dear Mr. Perlow,

Pursuant to Fed. R. App. P. 28(j), Appellees Google and Microsoft write to apprise the Court of *Ingenico Inc. v. IOENGINE, LLC*, No. 2023-1367, 2025 WL 1318188 (Fed. Cir. May 7, 2025).

In their merits briefing, Appellees alerted the Court to the ongoing split among district courts as to whether IPR estoppel applies to prior art defenses in litigation based solely on system prior art and, in particular, the effect of this split on whether the Board abused its discretion in failing to terminate the IPRs based upon the district court's exclusion of system art in light of LG's *Sotera* stipulation (mirroring the language of 35 U.S.C. § 315(e)). *See* Appellees' Corrected Red Br. at 10-11, 29-30 & nn.6-7. This Court, recognizing the "split among district courts" and issue of first impression on appeal, has now resolved that split, holding: "IPR estoppel does not preclude a petitioner from asserting that a claimed invention was known or used by others, on sale, or in public use in district court. These are different grounds that could not be raised during an IPR." *Ingenico*, 2025 WL 1318188, at *5, 7.

Under *Ingenico*'s holding, LG's invalidity arguments based upon the public use or sale of the Find My iPhone and Retriever system art should not have been excluded as estopped by the district court. Given that this exclusion is the entire basis of Appellants' argument that the Board abused its discretion by failing to terminate the

IPRs (Appellant's Blue Br. at 30), *Ingenico* is pertinent and significant to the above-captioned case.

Respectfully submitted,

/s/ Andrew S. Baluch
Andrew S. Baluch
Smith Baluch LLP

# CERTIFICATE OF INTEREST
## (Google LLC)

I certify that the information below is complete to the best of my knowledge:

| 1. Represented Entity | 2. Real Party in Interest | 3. Parent Corporations and 10% Stockholders |
|---|---|---|
| Google LLC | LG Electronics Inc.<br>LG Electronics U.S.A., Inc. | Alphabet Inc.<br>XXVI Holdings Inc. |

| 4. Other Legal Representatives | | |
|---|---|---|
| Perkins Coie LLP: | Lori A. Gordon | Kyle R. Canavera |

| 5. Related Cases |
|---|
| Hafeman v. LG Electronics Inc. et al., Case No. 6:21-cv-00696 (W.D. Tex.) |

| 6. Organizational Victims and Bankruptcy Cases |
|---|
| none |

May 9, 2025

/s/ Andrew S. Baluch
Andrew S. Baluch

**CERTIFICATE OF INTEREST**
**(Microsoft Corporation)**

I certify that the information below is complete to the best of my knowledge:

| **1. Represented Entity** | **2. Real Party in Interest** | **3. Parent Corporations and 10% Stockholders** |
|---|---|---|
| Microsoft Corporation | LG Electronics Inc.<br>LG Electronics U.S.A., Inc. | None |

| **4. Other Legal Representatives** | | |
|---|---|---|
| Perkins Coie LLP: | Lori A. Gordon | Kyle R. Canavera |

| **5. Related Cases** |
|---|
| Hafeman v. LG Electronics Inc. et al., Case No. 6:21-cv-00696 (W.D. Tex.) |

| **6. Organizational Victims and Bankruptcy Cases** |
|---|
| none |

May 9, 2025

/s/ Carrie A. Beyer
Carrie A. Beyer

# CERTIFICATE OF COMPLIANCE

I hereby certify that:

1. This letter complies with the type-volume limitations of Federal Rule of Appellate Procedure 28(j) because it contains 257 words.

2. This letter complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because it has been prepared in proportionally spaced typeface using Microsoft Word in 14-point Time New Roman font.

Date: May 9, 2025

/s/ Andrew S. Baluch
Andrew S. Baluch
SMITH BALUCH LLP